LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 JUN 13 PM 3 50

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM 4-13 |
| | ) |
| | ) **DECISION AND ORDER** |
| v. | ) |
| | ) **(Defendant's Motion to Dismiss Case on *De*** |
| | ) ***Minimis* Grounds)** |
| JOSEPH GANANGYAN | ) |
| DOB: 02/18/1973 | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 22, 2013, on Joseph Ganangyan's ("Defendant") Motion to Dismiss Case on *De Minimis* Grounds. Assistant Public Defender Jane L. Kennedy represented Defendant. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

A Complaint was filed on January 2, 2013, against Defendant charging him with Disorderly Conduct (As a Petty Misdemeanor) and Public Drunkenness (As a Violation). Complaint (Jan. 2, 2013). Defendant was arraigned on January 9, 2013, pled not guilty to both charges, and waived his right to speedy trial. Super. Ct. of Guam Minute Entry Log No. 15526 (Jan. 9. 2013).

On February 20, 2013, Defendant filed his Motion to Dismiss Case on *De Minimis* Grounds. On April 23, 2013, the People filed its Opposition to the Defendant's Motion to Dismiss. The Court heard the matter on May 22, 2013.

## DISCUSSION

Defendant moves to dismiss the instant case pursuant to 9 GCA § 7.67(b), arguing that Defendant's conduct is "too trivial" to warrant a conviction, and that the Declaration filed by the People "does not indicate the involvement of any drugs, guns or contraband. Moreover, the Declaration does not indicate any property was damaged nor the use of violence of any sort." Def.'s Mot. to Dismiss Case on *De Minimis* Grounds at 3 (Feb. 20, 2013). Defendant also argues that there is "no risk of harm to which society may be exposed." *Id.* Furthermore, Defendant stresses that the Declaration filed by the People does not clearly state whether the incident occurred on private property or in a public roadway. *Id.*

The People oppose Defendant's Motion, arguing that the Defendant's conduct is "not trivial, is absolutely reasonable to prosecute, and matches the conduct Title 9 GCA §§ 61.15(a)(2) and 61.25(a) seek to prevent." People's Opp'n Mot. at 2-3 (April 23, 2013). The People also refute Defendant's assertion that the Declaration filed does not clearly indicate whether the incident occurred on private property or a public roadway. *Id.* at 3. The People contend that "both the Magistrate's Complaint and Declaration state that the disturbance occurred on Machaute Street in Toto; it is clear that a street is a public place." *Id.* Lastly, the People argue that Defendant's conduct "caused the harm to which society was exposed, i.e. the public inconvenience, annoyance or alarm, and public intoxication. *Id.*

Guam's *de minimis* prosecution statute provides that:

§ 7.67. **Appropriateness of Prosecution.**

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct: (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

9 GCA § 7.67 (2005).

The Supreme Court of Guam in review of the above statute adopted New Jersey's approach in determining risk of harm to which society may be exposed. The Supreme Court ruled that "the following factors are relevant to an analysis of § 7.67(b): (a) the circumstances surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *People v. Perez*, 2004 Guam 4 ¶ 12. On its face, the Court agrees with Defendant that a close scrutiny of the Declaration and circumstances of this case indicate the absence of any contraband, violence or weapons. Moreover, there is no property loss. However, the Court disagrees with Defendant on the first factor relative to the circumstances surrounding the commission of the offense.

Defendant is charged with Disorderly Conduct (As a Petty Misdemeanor) and Public Drunkenness (As a Violation). The Court recognizes that Guam's Disorderly Conduct statute is as follows:

**§ 61.15. Disorderly Conduct; Defined & Punished.**

(a) A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or

(3) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the defendant.

(b) As used in this Section, "public" means affecting or likely to affect persons in a place to which the public or a substantial group has access. Among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, or any neighborhood.

(c) An offense under this Section is a petty misdemeanor if the defendant's intent is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a violation.

9 GCA § 61.15 (2005).

Furthermore, Guam's Public Drunkenness is as follows:

### § 61.25. Public Drunkenness; Defined & Punished.

(a) A person is guilty of an offense if he appears in any public place manifestly under the influence of alcohol, narcotics or other drug, not therapeutically administered, to the degree that he may endanger himself or other persons or property or annoy persons in his vicinity.

(b) An offense under this Section constitutes a petty misdemeanor if the defendant has been convicted hereunder twice before within a period of one year. Otherwise the offense constitutes a violation.

9 GCA §61.25 (2005).

In *People v. Quichocho*, 1997 Guam 13 ¶ 5, the Court held that if a statute is unambiguous, then judicial inquiry is complete. In regards to both of Defendant's pending charges, this Court agrees with the People in their argument that the Defendant's conduct caused the harm to which society was exposed. This Court finds that the intent to protect the public from inconvenience, annoyance, or alarm is clearly stated within 9 GCA § 61.15(a), and that the Defendant, through his words and actions, caused a public inconvenience, annoyance or alarm consistent with conduct stipulated in 9 GCA § 61.15(a)(2). Furthermore, this Court finds that the intent to protect the public from potential danger caused by persons under the influence of alcohol or drugs while present in a public place is also clearly stated within 9 GCA § 61.25(a),

and that the Defendant's conduct matches the conduct the aforementioned statute seeks to protect against. These laws exist to serve the purpose of protecting the public from potentially dangerous behavior, and the Defendant's violation of these laws is not *de minimis*.

It is noteworthy to mention that this Court also agrees with the People's contention that the Declaration and Magistrate's Complaint both specify that the disturbance occurred on a public place pursuant to 9 GCA § 61.15(b). "'[P]ublic' means affecting or likely to affect persons in a place to which the public or a substantial group has access." 9 GCA § 61.15(b). The disturbance occurred on Machuate Street in Toto, and it is the opinion of this Court that the aforementioned street is a place to which the public or a substantial group has access.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

Further Proceedings is scheduled for ___7/3/13 @ 10q·M.___

**SO ORDERED** this _18_ day of JUNE, 2013.

 

 

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

JUN 1 8 2013

Alvinar D. Quitoriano
Deputy Clerk, Superior Court of Guam